# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JASON McCRAE,

    Petitioner,

v.

HEIDI LACKNER,

    Respondent.

Case No. SA CV 17-1462 AG (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

    The Court dismisses this state habeas action without prejudice: (a) as moot due to Petitioner's release from custody; and (b) due to Petitioner's failure to respond to the magistrate judge's order.

\* \* \*

    1.    Petitioner pled guilty to drug charges in state court in 2012. The trial court imposed a sentence of eight years in custody. He did not appeal his plea or sentence. (Docket # 1 at 1-2.)

    2.    However, in 2016, Petitioner began habeas proceedings in state court alleging ineffective assistance by his trial lawyer. The gist of the claim was that the lawyer misinformed him about the total amount of time he would

serve in custody (in prison and fire camp) – he thought he would be released after four years at "half time" accrual of credits. (Id. at 3-6.)

3. In late 2016, Petitioner filed this habeas petition under 28 U.S.C. § 2254 in the federal court <u>in the Eastern District of California</u>. The sole claim in the petition alleged that Petitioner's plea agreement should be enforced to effect his release from custody after four years. (Id. at 5.) Because Petitioner's state conviction arose from the superior court in Orange County, the Eastern District transferred the case to this Court – the federal court for the Central District of California – in August 2017. (Docket # 4-5.)

4. The Court (Magistrate Judge Wilner) ordered the petition served on the California Attorney General. (Docket # 7.) The Attorney General filed its answer to the merits of the petition in October 2017. (Docket # 11-12.) The Court instructed Petitioner to file his optional reply by the end of November 2017. (Docket # 13.)

5. Petitioner failed to do so. Instead, in October 2017, Petitioner filed a change of address form that listed a residential address in Anaheim (instead of his fire camp). (Docket # 14.) That, combined with the substance of the Attorney General's answer, suggested that Petitioner was out of custody. The Court confirmed this by reviewing the CDCR's online inmate locator; Petitioner was not listed as an inmate.

6. Judge Wilner issued an order directing Petitioner to inform the Court why it should reach the merits of his habeas claim – a challenge to his sentence and release date, not his underlying conviction. (Docket # 15.) Petitioner failed to file a timely response.

\* \* \*

7. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action

without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

8. An inmate's release typically moots a habeas action which seeks the termination of custody. See, e.g., Bonneau v. United States, 503 F. App'x 544 (9th Cir. 2013) (affirming dismissal of inmate's petition; petitioner "fully served the custodial portion of the sentences he is attacking at the time he filed his habeas petition[.] Therefore, the district court could not grant him any effective relief.") (citing Burnett v. Lampert, 432 F.3d 996, 999-1000 (9th Cir. 2005)); Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997) ("Because Munoz has been released from custody in the interim, we dismiss this appeal as moot[. W]e can no longer provide him the primary relief sought in his habeas corpus petition.).

9. Federal Rule of Civil Procedure 41(b) allows a district court to dismiss an action for failure to prosecute. To determine the appropriateness of a dismissal under Rule 41(b), a district court should consider the following factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

* * *

10. Dismissal of Petitioner's action is warranted under these principles. His claim in this federal court was to the appropriate length of his custodial term. The record before the Court (the Attorney General's submission, Petitioner's change of address form, and the CDCR database) establishes that Petitioner is no longer in custody. As a result, the Court cannot give him the relief he originally requested when he filed his petition in the Eastern District. Petitioner's action is moot. Bonneau, 503 F. App'x 544; Munoz, 104 F.3d at 1097-98.

11. Rule 41(b) also authorizes dismissal. Petitioner failed to respond to the magistrate judge's recent order inquiring into the status of the action. That strongly suggests that he no longer seeks or needs a ruling on the merits of his claim (factor 4). Dreith, 648 F.3d at 788. By contrast, the public, the Attorney General, and the Court all have a strong interest in dismissal of this dormant case (factors 1-3). Finally, given Petitioner's failure to file either a reply brief or a response to Judge Wilner's order, no sanction short of dismissal seems likely to encourage further participation in the litigation (factor 5).

12. Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: February 11, 2018

_____
HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE